## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

Joseph P. Charbonneau,

      )    Case No. _____

     Plaintiff,   )

         )

v.        )    **COMPLAINT AND**

         )    **DEMAND FOR JURY TRIAL**

NCO Financial Systems, Inc.  )

         )

     Defendant.  )

         )

COMES NOW, the Plaintiff, Joseph P. Charbonneau, by and through his attorneys, Pamela A. Car and William L. Reinbrecht, and alleges and states that this is an action brought by an individual consumer for Defendant's violations of the FAIR DEBT COLLECTION PRACTICES ACT, (hereinafter referred to as the FDCPA ) 15 U.S.C. §1692 *et. seq.*  In support of his claims, the Plaintiff states and alleges as follows:

### JURISDICTION AND PARTIES

1.   That subject matter jurisdiction of this Court arises under 15 U.S.C. 1692k, actionable through 28 U.S.C. §1331 and other provisions of the law.

2.   That venue is proper in this Court for the reason that the claims on which the transactions took place happened in the state of Nebraska in this Judicial district.

3.   That at all times relevant hereto, Plaintiff was a resident of Omaha, NE.

4.   That Defendant NCO Financial Systems, Inc. (hereinafter referred to as "NCO") is a collection agency and a corporation organized and existing under the laws of Pennsylvania and doing business in the state of Nebraska and elsewhere.

## FACTUAL BACKGROUND

5.      In August, 2008, Plaintiff entered into an agreement with NCO whereby Plaintiff would begin repayment of the alleged debt that NCO acquired from Citibank for personal, family, or household purposes.  Payments were to be made in installments, with the first payment to be made on August 18, 2008.

6.      On or about August 20, 2008, Plaintiff received a call from his father indicating that NCO had contacted his father on more than one occasion regarding the Plaintiff's debt. Plaintiff's father is not an account holder, nor was there a written authorization signed by Plaintiff allowing NCO to speak to his father.  Defendant discussed the details of the payments and the debt from NCO with Plaintiff' father.

7.      Defendant also contacted Plaintiff's wife, who is not listed on the account with NCO and whose voice is on the outgoing message.  It should therefore have been apparent that Plaintiff was not the only party who could potentially hear the messages left by NCO.  Defendant NCO proceeded to leave messages regarding the payment plan and the debt.

8.      Plaintiff's wife also received a call from Plaintiff's father the same evening, who reported that he had received multiple phone calls in the same day from the Defendant, who disclosed details of the Plaintiff's account and payment arrangement.

### COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW the Plaintiff and for his Cause of Action against the Defendant, states and alleges as follows:

9.      That the Plaintiff is a natural person and a "consumer" within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C.§1692 (a)(3).

10.     That the Defendant is a collection agency which is engaged in the business of collecting debts and regularly attempts to collect debts alleged to be due another by use of the mail and telephone and as such is a debt collector within the meaning of 15 U.S.C. §1692 (a)(6).

11.     That all times relevant hereto the Defendant was attempting to collect an alleged debt alleged to be in default by the Plaintiff from the creditor, Gateway, now Citibank, for personal, family, or household purposes.

12.     That the Defendant violated the FDCPA in the following particulars:

a)   by communicating with a 3rd party about the alleged debt without the prior consent of the consumer in violation  of 15 U.S.C. §§ 1692b and 1692c.

b)   by making harassing or abusive  telephone calls in violation of 15 U.S.C.  § 1692d;

c)   by falsely representing the  character,  amount, or legal status  of the alleged debt in violation of  15 U.S.C. §1692e(2)(A).

d)   by making any false representation or deceptive means to collect or attempt to collect a debt or obtain information concerning the consumer in violation of 15 U.S.C. § 1692e(10).

WHEREFORE, Plaintiff prays for a judgment against the Defendant for actual damages and for statutory attorney fees in a reasonable amount and a statutory award of up to $1,000.00 and for further relief as the Court shall deem appropriate.

Dated: October 23, 2008

JOSEPH P. CHARBONNEAU,
 Plaintiff,


By: s/William L.Reinbrecht
    Pamela A. Car #18770
    William L. Reinbrecht, #20138
    Car & Reinbrecht, P.C., L.L.O.
    8720 Frederick St. # 105
    Omaha, NE 68124
    (402) 391-8484 phone
    (402) 391-1103 fax
    carlaw@uswest.net –e-mail
    Attorneys for Plaintiff


## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable in Omaha, Nebraska.

By: s/William L. Reinbrecht
    Pamela A. Car #18770
    William L. Reinbrecht, #20138
    Car & Reinbrecht, P.C., L.L.O.
    8720 Frederick St. # 105
    Omaha, NE 68124
    (402) 391-8484 phone
    (402) 391-1103 fax
    carlaw@uswest.net –e-mail
    Attorneys for Plaintiff